IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

NAJIBA HAFEZZADA                          :
15723 Mansel Avenue                       :
Apt. 4                                    :
Lawndale, CA 90260                        :
                    Plaintiff             :
                                          :
                                          :
        v.                                :
                                          :
                                          :
THE PRUDENTIAL INSURANCE                  :
COMPANY OF AMERICA                        :
1936 Cottman Avenue                       :
Philadelphia, PA 19111                    :
                    Defendant             : NO.:

## COMPLAINT

NOW COMES, the Plaintiff, Najiba Hafezzada, by and through her Counsel,

Pond, Lehocky, Giordano, LLP, and hereby complains of the above referenced

Defendant, The Prudential Insurance Company of America (hereinafter referred to as

" Prudential"), as follows:

**I.      STATEMENT OF JURISDICTION:**

1.      Jurisdiction is conferred upon this Honorable Court pursuant to 28

U.S.C. § 1331 and 29 U.S.C. § 1332(e).  This Honorable Court has jurisdiction over

all issues raising a federal question and this instant matter involves a disability policy

issued to the Claimant through her Employer, thus it is governed by the Employee

Retirement Income Security Act of 1974 (ERISA) 29 U.S.C. § 1011, et seq.

## II.   VENUE:

2.      Venue is proper in this jurisdiction as all actions and occurrences which give rise to the instant action occurred within the jurisdictional boundaries of this Honorable Court.  Specifically, under the ERISA statute, venue is proper "in the district where the plan is administered, where the breach took place, or where a defendant resides or may be found." 29 U.S.C. §1132(e)(2): the Defendant administered the plan and made the determination to deny the Plaintiff's benefits through its Disability Management Services office located in Philadelphia, PA.

## III.   FACTS:

3.      The Plaintiff, Najiba Hafezzada, is an adult and competent individual with a physical address of 15723 Mansel Avenue, Apt. 4, Lawndale, CA 90260

4.      The Defendant, Prudential, under information and belief, is a business entity with a business address of 1936 Cottman Avenue, Philadelphia, PA 19111, but with an office designated for disability management services located in Philadelphia, PA as evidenced by the attached denial, which is marked as Exhibit "A."

5.      Prudential is a business entity which issues disability insurance policies which are governed by the Employee Retirement Insurance Security Act (ERISA), 29 U.S.C. §1011, et seq.

6.      On a date certain, Prudential issued a policy providing disability insurance benefits the Plaintiff through the her employer.

7. The policy of insurance aforementioned provided for an employee benefit plan as defined and covered under the terms of ERISA.

8. At all times material and relevant hereto, all policy premiums due on behalf of the Plaintiff under said policy were paid.

9. At all times material and relevant hereto, the Plaintiff performed all obligations required of her under said contract of insurance.

10. At all times material and relevant hereto, the Plaintiff was a qualified participant in the employee benefit plan provided by Prudential to the Plaintiff's employer.

11. On a date certain, the Plaintiff filed an application for long term disability benefits with Prudential when she ceased working she received benefits until January 29, 2021.

12. The Plaintiff filed an administrative appeal and submitted additional medical records and opinions of her treating doctors in support of his claim.

13. By correspondence dated June 28, 2022, Prudential denied the Plaintiff's administrative appeal and informed her of her right to bring a civil action disputing the adverse benefit decision.

14. Prudential acted arbitrarily, capriciously and in a manner serving only its own business interest when it denied the Plaintiff's claim for disability benefits.

15. The actions of Prudential in denying the Plaintiff's claim for disability

insurance benefits was arbitrary, capricious and was not made in good faith and made in violation of 29 U.S.C. §1001, et seq.

16.    The actions of Prudential in denying the Plaintiff's claim for disability insurance benefits are contrary to the language of the policy in question.

17.    The Plaintiff is entitled to disability insurance benefits under the aforementioned policy as she has satisfied through medical evidence that she meets the definition of disability under the policy of insurance.

18.    The Plaintiff is entitled to recover the benefits due to her under the aforementioned insurance policy in accordance with 29 U.S.C. §1132.

19.    As a direct and proximate result of the actions of Prudential as herein above more particularly described, the Plaintiff has been caused to incur attorneys' fees in an amount not yet known.

20.    As a direct and proximate result of the actions of Prudential, the Plaintiff has sustained damages in an amount not yet known to the Plaintiff; however, upon information and belief, such damages will approximate the amount of benefits due and owing to the Plaintiff from January 29, 2021 and continuing into the future.

WHEREFORE, the Plaintiff, Najiba Hafezzada, respectfully requests that judgment be entered against Prudential as follows:

1.    Ordering Prudential to pay to the Plaintiff, Najiba Hafezzada, all long
    term disability insurance benefits due and owing to her from January

29, 2021 and continuing into the future;

2.   Awarding the Plaintiff, Najiba Hafezzada, prejudgment interest on the award until the date of judgment;

3.   Awarding the Plaintiff's attorney's fees, court costs and other reasonable costs incurred for the prosecution of the instant action;

4.   Granting such other and further relief as the Court may deem just and proper.

RESPECTFULLY SUBMITTED,

BY: _____

Michael J. Parker
PA Bar ID. No.: 93024

Pond, Lehocky, Giordano, LLP
One Commerce Square
2005 Market Street
18th Floor
Philadelphia, PA 19103
(215)568-7500

ATTN. CHRIS

 **Prudential**

Charmaine Cadette
Sr. Appeals Analyst

The Prudential Insurance Company of America
Disability Management Services
PO Box 13480
Philadelphia, PA 19176

Phone: (800) 842-1718  Ext: 85522
Fax: (877) 889-4885
Website: www.prudential.com/mybenefits
Web Access Code: 32243

June 28, 2022

Najiba Hafezzada
15723 Mansel Ave
Apt 4
Lawndale, CA  90260

Claim No.: 12487025
Claimant: Najiba Hafezzada
Plan No.:  32243
Plan Name: Macy's, Inc.

Dear Najiba Hafezzada:

We have completed our review of your second request for reconsideration of our decision to terminate your claim for Long Term Disability (LTD) benefits under the Group Policy No. 32243 issued to Macy's, Inc.

We have again upheld our decision to terminate your claim for LTD benefits effective January 29, 2021. This letter outlines the reasons for this determination.

To be eligible for LTD benefits, you must meet all of the terms of the LTD Policy including the definition of disability as defined in the attached LTD Policy Provisions.

**Claim History**

Your claim states that you discontinued working as a Sales Associate on August 2, 2018, due to anxiety and depression. Co-morbid conditions include lumbar radiculopathy, bilateral knee tendonitis and cervical radiculopathy.

According to the terms of your employer's group policy, your LTD claim was first reviewed using the *regular occupation* definition of disability. Your claim was approved, with benefits effective from January 29, 2019 through January 28, 2021. Approval was based on our determination that you were unable to perform your *regular occupation* as a Sales Associate.

*Regular occupation* means the occupation you were routinely performing when your disability began. Prudential will look at your occupation as it is normally performed, rather than how the work tasks are performed for a specific employer or at a specific location.

As required by your employer's group policy, after 24 months of LTD benefits, your claim was reviewed using the *gainful occupation* definition of disability as outlined above.

Your claim for LTD benefits was terminated because we determined that the medical information in file did not support impairment that would prevent you from performing the duties of any gainful occupation. A complete explanation of that decision can be found in our letter dated August 24, 2020.

Ex A.

ATTN: Chris

As a result, we have determined that the medical information in file does not support continuous physical disability that would prevent you from performing the duties any gainful occupation as defined by the Group Policy. As such, you do not meet the definition of disability. Therefore, we have again upheld our decision to terminate your claim for LTD benefits effective January 29, 2021.

We have noted that you were approved for Social Security Disability Benefits and we have taken this into consideration. Any information you have submitted has been evaluated throughout the course of your claim, and has been considered as part of this decision. However, please note that the Social Security Administration (SSA) must make their determinations based on the information available to them and their rules and guidelines, and we must render our decisions based on the information available in your LTD file and the provisions of the LTD Plan. As such, the approval of one type of benefit does not mean that another type of disability benefit will be approved; nor does the denial of one type of benefit mean that another type of disability benefit will be denied.

As previously indicated, you were awarded SSDB benefits on July 22, 2019. In making our determination, we had your file further reviewed by an independent physician board certified in Psychiatry and by an independent physician board certified in Physical Medicine and Rehabilitation and Pain Medicine. We also previously completed a Vocational review of your file. Based on the evidence in file, there is no evidence to support physical restrictions and limitations that would prevent you from performing gainful work duties as outlined above. In addition, we received updated medical documentation dated after the date of SSA's determination that could not have been considered by the SSA in rendering their determination. Furthermore, the LTD Plan has some limits to benefit periods for certain disabilities, as outlined above, and SSA may not have these limitations in consideration of SSDB eligibility.

## Appeal Rights

This decision is final and cannot be appealed further to Prudential.

If you still disagree with the above decision, you may file a lawsuit under the Employee Retirement Income Security Act (ERISA). ERISA allows you to file suit for policy benefits and reasonable attorney's fees. The time limit for bringing such a legal proceeding under the policy is 3 years from the time proof of claim is required, unless otherwise required by law. We will allow you to bring a suit up to 3 years from the date of the decision letter denying your first appeal. Thus, the deadline for bringing legal proceedings under ERISA related to this claim is May 27, 2024.

If you believe all or part of the claim has been wrongfully denied or rejected, you may have the matter reviewed by the California Department of Insurance. The appropriate telephone number is (800) 927-4357 (HELP) or (800) 482-4833 (TTY). The appropriate address is: California Department of Insurance, Claims Services Bureau, 300 South Spring Street, 14th Floor, Los Angeles, CA 90013.

If you have questions about our decision on your claim, you may call the number listed above. If you wish to check the status of your claim, you may access our *website* at the address listed above, or call our *Interactive Voice Response System* at the number listed above.

Sincerely,
*Charmaine Cadette*
Charmaine Cadette
Sr. Appeals Analyst



5